UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSEPH MUNOZ, MATTHEW MUSTAKAS,               Case No.: 19-CV-03824(JS)(AKT)
DOMINICK RUVOLO, and TIFFANY OUMANO-
WILLIAMS, on behalf of themselves and all other
persons similarly situated,                                    **ANSWER TO THE FIRST**
                                                               **AMENDED COMPLAINT**
                                    Plaintiffs,

                     -against-

ACA CONTRACTING INC., DIANA AMOROSO,
individually and MICHAEL AMOROSO,
individually,

                                    Defendants.
-------------------------------------------------------------X

Defendants, ACA CONTRACTING INC., DIANA AMOROSO, individually and
MICHAEL AMOROSO, individually (hereinafter collectively referred to as the "Defendants"),
by their attorneys Certilman Balin Adler & Hyman, LLP, as and for their answer to the amended
complaint of JOSEPH MUNOZ, MATTHEW MUSTAKAS, DOMINICK RUVOLO, and
TIFFANY OUMANO-WILLIAMS (hereinafter collectively referred to as the "Plaintiffs") filed
April 20, 2020 [DE 30] and designated the operative pleading by Magistrate Judge Tomlinson on
May 1, 2020 (the "Complaint"), state as follows:

### AS TO "NATURE OF ACTION"

1.     Admit that Plaintiffs purport to proceed as set forth in paragraph 1 of the
Complaint but deny the truth of the allegations that Defendants engaged in any unlawful
employment practices whatsoever and deny the remaining allegations in paragraph 1 of the
Complaint.

2.     Admit that Plaintiffs purport to proceed as set forth in paragraph 2 of the
Complaint but deny the truth of the allegations that Defendants engaged in any unlawful

employment practices whatsoever and deny the remaining allegations in paragraph 2 of the Complaint.

3.       Deny the truth of the allegations contained paragraph 3 of the Complaint, except admit that Plaintiffs worked for Defendant ACA Contracting Inc. for a period of time.

4.       Deny the truth of the allegations contained in paragraph 4 of the Complaint, including all subparts thereof.

## AS TO "JURISDICTION AND VENUE"

5.       Statements of law and legal conclusions do not require a denial or admission; however, to the extent a response is required to the allegations contained in paragraph 5 of the Complaint, Defendants admit that the Court has jurisdiction over the claims brought pursuant to the Fair Labor Standards Act ("FLSA") but deny the Court can or should exercise such jurisdiction in the instant matter, and respectfully refer all questions of law to the Court.

6.       Statements of law and legal conclusions do not require a denial or admission; however, to the extent a response is required to the allegations contained in paragraph 6 of the Complaint, Defendants admit that the Court can exercise supplemental jurisdiction over certain New York State Labor Law ("NYLL") claims in appropriate cases but deny the Court can or should exercise such jurisdiction in the instant matter, and respectfully refer all questions of law to the Court.

7.       Statements of law and legal conclusions do not require a denial or admission; however, to the extent a response is required to the allegations contained in paragraph 7 of the Complaint, Defendants admit that, to the extent jurisdiction is properly exercised, venue is proper in this District, and respectfully refer all questions of law to the Court.

6928727.1

8.      Statements of law and legal conclusions do not require a denial or admission; however, to the extent a response is required to the allegations contained in paragraph 8 of the Complaint, Defendants admit that the Court has the authority to issue a declaratory judgment but deny the Court can or should issue a declaratory judgment in the instant matter, and respectfully refer all questions of law to the Court.

## AS TO "PARTIES"

### Defendants

9.      Deny the truth of the allegations contained in paragraph 9 of the Complaint, except admit that Defendant ACA Contracting Inc.'s office is located at 333 Skidmore Road, Deer Park, NY 11729.

10.     Admit the allegations contained in paragraph 10 of the Complaint.

11.     Admit the allegations contained in paragraph 11 of the Complaint.

12.     Admit the allegations contained in paragraph 12 of the Complaint.

13.     Admit the allegations contained in paragraph 13 of the Complaint.

14.     Statements of law and legal conclusions do not require a denial or admission; however, to the extent as response is required to the allegations contained in paragraph 14 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint and respectfully refer all questions of law to the Court.

15.     Admit the allegations contained in paragraph 15 of the Complaint.

16.     Statements of law and legal conclusions do not require a denial or admission; however, to the extent as response is required to the allegations contained in paragraph 16 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth

6928727.1

or falsity of the allegations contained in paragraph 16 of the Complaint and respectfully refer all questions of law to the Court.

17.     Deny the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Admit the allegations contained in paragraph 18 of the Complaint.

19.     Deny the truth of the allegations contained in paragraph 19 of the Complaint, except admit that Defendant Michael Amorso is married to Defendant Diana Amoroso.

***Plaintiffs***

20.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint and respectfully refer all questions of law to the Court.

23.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint and respectfully refer to the document referenced in paragraph 23 of the Complaint for its true and accurate content.

24.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint.

6928727.1

26.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint and respectfully refer all questions of law to the Court.

27.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint and respectfully refer to the document referenced in paragraph 27 of the Complaint for its true and accurate content.

28.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint, and respectfully refer all questions of law to the Court.

31.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint and respectfully refer to the document referenced in paragraph 31 of the Complaint for its true and accurate content.

32.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint and respectfully refer all questions of law to the Court.

6928727.1

35.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint and respectfully refer to the document referenced in paragraph 35 of the Complaint for its true and accurate content.

## AS TO THE "STATEMENT OF FACTS"

36.     Deny the truth of the allegations contained in paragraph 36 of the Complaint, except admit that Defendant ACA Contracting Inc.'s office is located in Deer Park, New York within Suffolk County.

37.     Deny the truth of the allegations contained in paragraph 37 of the Complaint, except admit that Defendant ACA Contracting Inc.'s provides services to its clients located throughout Long Island, New York City and the surrounding area.

38.     Deny the truth of the allegations contained in paragraph 38 of the Complaint, except admit that Plaintiffs were employed by Defendant ACA Contracting Inc. for a period of time.

39.     Deny the truth of the allegations contained in paragraph 39 of the Complaint.

40.     Deny the truth of the allegations contained in paragraph 40 of the Complaint.

41.     Deny the truth of the allegations contained in paragraph 41 of the Complaint.

42.     Deny the truth of the allegations contained in paragraph 42 of the Complaint.

43.     Deny the truth of the allegations contained in paragraph 43 of the Complaint.

44.     Deny the truth of the allegations contained in paragraph 44 of the Complaint.

45.     Deny the truth of the allegations contained in paragraph 45 of the Complaint.

46.     Deny the truth of the allegations contained in paragraph 46 of the Complaint, except admit that Plaintiff Joseph Munoz was employed by Defendant ACA Contracting Inc. for a period of time.

6928727.1

47.     Deny the truth of the allegations contained in paragraph 47 of the Complaint, except admit that Plaintiff Joseph Munoz was employed by Defendant ACA Contracting Inc. for a period of time.

48.     Deny the truth of the allegations contained in paragraph 48 of the Complaint.

49.     Deny the truth of the allegations contained in paragraph 49 of the Complaint.

50.     Deny the truth of the allegations contained in paragraph 50 of the Complaint.

51.     Deny the truth of the allegations contained in paragraph 51 of the Complaint.

52.     Deny the truth of the allegations contained in paragraph 52 of the Complaint.

53.     Statements of law and legal conclusions do not require a denial or admission; however to the extent as response is required to the allegations contained in paragraph 53 of the Complaint, Defendants admit the allegations contained in paragraph 53 of the Complaint and respectfully refer all questions of law to the Court.

54.     Deny the truth of the allegations contained in paragraph 54 of the Complaint.

55.     Deny the truth of the allegations contained in paragraph 55 of the Complaint.

56.     Deny the truth of the allegations contained in paragraph 56 of the Complaint.

57.     Deny the truth of the allegations contained in paragraph 57 of the Complaint.

58.     Deny the truth of the allegations contained in paragraph 58 of the Complaint.

59.     Deny the truth of the allegations contained in paragraph 59 of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Complaint, except admit that Defendants maintain some of the records identified in paragraph 60 of the Complaint as well as other records of the hours worked and compensation paid to Plaintiff Joseph Munoz.

61.     Deny the truth of the allegations contained in paragraph 61 of the Complaint.

6928727.1

62.     Deny the truth of the allegations contained in paragraph 62 of the Complaint.

63.     Deny the truth of the allegations contained in paragraph 63 of the Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Complaint.

65.     Admit the allegations contained in paragraph 65 of the Complaint.

66.     Deny the truth of the allegations contained in paragraph 66 of the Complaint.

67.     Statements of law and legal conclusions do not require a denial or admission; however to the extent as response is required to the allegations contained in paragraph 67 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Complaint and respectfully refer all questions of law to the Court.

68.     Deny the truth of the allegations contained in paragraph 68 of the Complaint.

69.     Deny the truth of the allegations contained in paragraph 69 of the Complaint.

70.     Deny the truth of the allegations contained in paragraph 70 of the Complaint.

71.     Deny the truth of the allegations contained in paragraph 71 of the Complaint.

72.     Deny the truth of the allegations contained in paragraph 72 of the Complaint.

73.     Deny the truth of the allegations contained in paragraph 73 of the Complaint.

74.     Deny the truth of the allegations contained in paragraph 74 of the Complaint.

75.     Deny the truth of the allegations contained in paragraph 75 of the Complaint.

76.     Deny the truth of the allegations contained in paragraph 76 of the Complaint.

77.     Deny the truth of the allegations contained in paragraph 77 of the Complaint, except admit that Plaintiff Matthew Mustakas was employed by Defendant ACA Contracting Inc. for a period of time.

6928727.1

78.     Deny the truth of the allegations contained in paragraph 78 of the Complaint, except admit that Plaintiff Matthew Mustakas was employed by Defendant ACA Contracting Inc. for a period of time.

79.     Deny the truth of the allegations contained in paragraph 79 of the Complaint.

80.     Deny the truth of the allegations contained in paragraph 80 of the Complaint.

81.     Deny the truth of the allegations contained in paragraph 81 of the Complaint.

82.     Deny the truth of the allegations contained in paragraph 82 of the Complaint.

83.     Deny the truth of the allegations contained in paragraph 83 of the Complaint.

84.     Statements of law and legal conclusions do not require a denial or admission; however to the extent as response is required to the allegations contained in paragraph 84 of the Complaint, Defendants admit the allegations contained in paragraph 84 of the Complaint and respectfully refer all questions of law to the Court.

85.     Deny the truth of the allegations contained in paragraph 85 of the Complaint.

86.     Deny the truth of the allegations contained in paragraph 86 of the Complaint.

87.     Deny the truth of the allegations contained in paragraph 87 of the Complaint.

88.     Deny the truth of the allegations contained in paragraph 88 of the Complaint.

89.     Deny the truth of the allegations contained in paragraph 89 of the Complaint.

90.     Deny the truth of the allegations contained in paragraph 90 of the Complaint.

91.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91 of the Complaint, except admit that Defendants maintain some of the records identified in paragraph 91 of the Complaint as well as other records of the hours worked and compensation paid to Plaintiff Matthew Mustakas.

92.     Deny the truth of the allegations contained in paragraph 92 of the Complaint.

93.     Deny the truth of the allegations contained in paragraph 93 of the Complaint.

94.     Deny the truth of the allegations contained in paragraph 94 of the Complaint.

95.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 95 of the Complaint.

96.     Admit the allegations contained in paragraph 96 of the Complaint.

97.      Deny the truth of the allegations contained in paragraph 97 of the Complaint.

98.     Statements of law and legal conclusions do not require a denial or admission; however to the extent as response is required to the allegations contained in paragraph 98 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 98 of the Complaint and respectfully refer all questions of law to the Court.

99.     Deny the truth of the allegations contained in paragraph 99 of the Complaint.

100.    Deny the truth of the allegations contained in paragraph 100 of the Complaint.

101.    Deny the truth of the allegations contained in paragraph 101 of the Complaint.

102.    Deny the truth of the allegations contained in paragraph 102 of the Complaint.

103.    Deny the truth of the allegations contained in paragraph 103 of the Complaint.

104.    Deny the truth of the allegations contained in paragraph 104 of the Complaint.

105.    Deny the truth of the allegations contained in paragraph 105 of the Complaint.

106.    Deny the truth of the allegations contained in paragraph 106 of the Complaint.

107.    Deny the truth of the allegations contained in paragraph 107 of the Complaint.

108.    Deny the truth of the allegations contained in paragraph 108 of the Complaint, except admit that Plaintiff Dominick Ruvolo was employed by Defendant ACA Contracting Inc. for a period of time.

6928727.1

109.    Deny the truth of the allegations contained in paragraph 109 of the Complaint, except admit that Plaintiff Dominick Ruvolo was employed by Defendant ACA Contracting Inc. for a period of time.

110.    Deny the truth of the allegations contained in paragraph 110 of the Complaint.

111.    Deny the truth of the allegations contained in paragraph 111 of the Complaint.

112.    Deny the truth of the allegations contained in paragraph 112 of the Complaint.

113.    Deny the truth of the allegations contained in paragraph 113 of the Complaint.

114.    Deny the truth of the allegations contained in paragraph 114 of the Complaint.

115.    Statements of law and legal conclusions do not require a denial or admission; however, to the extent as response is required to the allegations contained in paragraph 115 of the Complaint, Defendants admit the allegations contained in paragraph 115 of the Complaint and respectfully refer all questions of law to the Court.

116.    Deny the truth of the allegations contained in paragraph 116 of the Complaint.

117.    Deny the truth of the allegations contained in paragraph 117 of the Complaint.

118.    Deny the truth of the allegations contained in paragraph 118 of the Complaint.

119.    Deny the truth of the allegations contained in paragraph 119 of the Complaint.

120.    Deny the truth of the allegations contained in paragraph 120 of the Complaint.

121.    Deny the truth of the allegations contained in paragraph 121 of the Complaint.

122.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 122 of the Complaint, except admit that Defendants maintain some of the records identified in paragraph 122 of the Complaint as well as other records of the hours worked and compensation paid to Plaintiff Dominick Ruvolo.

123.    Deny the truth of the allegations contained in paragraph 123 of the Complaint.

6928727.1

124.    Deny the truth of the allegations contained in paragraph 124 of the Complaint.

125.    Deny the truth of the allegations contained in paragraph 125 of the Complaint.

126.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 126 of the Complaint.

127.    Admit to the truth of the allegations contained in paragraph 127 of the Complaint.

128.    Deny the truth of the allegations contained in paragraph 128 of the Complaint.

129.    Statements of law and legal conclusions do not require a denial or admission; however to the extent as response is required to the allegations contained in paragraph 129 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 129 of the Complaint and respectfully refer all questions of law to the Court.

130.    Deny the truth of the allegations contained in paragraph 130 of the Complaint.

131.    Deny the truth of the allegations contained in paragraph 131 of the Complaint.

132.    Deny the truth of the allegations contained in paragraph 132 of the Complaint.

133.    Deny the truth of the allegations contained in paragraph 133 of the Complaint.

134.    Deny the truth of the allegations contained in paragraph 134 of the Complaint.

135.    Deny the truth of the allegations contained in paragraph 135 of the Complaint.

136.    Deny the truth of the allegations contained in paragraph 136 of the Complaint.

137.    Deny the truth of the allegations contained in paragraph 137 of the Complaint.

138.    Deny the truth of the allegations contained in paragraph 138 of the Complaint.

139.    Deny the truth of the allegations contained in paragraph 139 of the Complaint, except admit that Plaintiff Tiffany Oumano-Williams was employed by Defendant ACA Contracting Inc. for a period of time.

140.    Deny the truth of the allegations contained in paragraph 140 of the Complaint, except admit that Plaintiff Tiffany Oumano-Williams was employed by Defendant ACA Contracting Inc. for a period of time.

141.    Deny the truth of the allegations contained in paragraph 141 of the Complaint.

142.    Deny the truth of the allegations contained in paragraph 142 of the Complaint.

143.    Deny the truth of the allegations contained in paragraph 143 of the Complaint.

144.    Deny the truth of the allegations contained in paragraph 144 of the Complaint.

145.    Deny the truth of the allegations contained in paragraph 145 of the Complaint.

146.    Statements of law and legal conclusions do not require a denial or admission; however, to the extent as response is required to the allegations contained in paragraph 146 of the Complaint, Defendants admit the allegations contained in paragraph 146 of the Complaint and respectfully refer all questions of law to the Court.

147.    Deny the truth of the allegations contained in paragraph 147 of the Complaint.

148.    Deny the truth of the allegations contained in paragraph 148 of the Complaint.

149.    Deny the truth of the allegations contained in paragraph 149 of the Complaint.

150.    Deny the truth of the allegations contained in paragraph 150 of the Complaint.

151.    Deny the truth of the allegations contained in paragraph 151 of the Complaint.

152.    Deny the truth of the allegations contained in paragraph 152 of the Complaint.

153.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 153 of the Complaint, except admit that Defendants maintain some of the records identified in paragraph 153 of the Complaint as well as other records of the hours worked and compensation paid to Plaintiff Tiffany Oumano-Williams.

154.    Deny the truth of the allegations contained in paragraph 154 of the Complaint.

6928727.1

155.     Deny the truth of the allegations contained in paragraph 155 of the Complaint.

156.     Deny the truth of the allegations contained in paragraph 156 of the Complaint.

157.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 157 of the Complaint.

158.     Admit to the allegations contained in paragraph 158 of the Complaint.

159.     Deny the truth of the allegations contained in paragraph 159 of the Complaint.

160.     Statements of law and legal conclusions do not require a denial or admission; however to the extent as response is required to the allegations contained in paragraph 160 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 160 of the Complaint and respectfully refer all questions of law to the Court.

161.     Deny the truth of the allegations contained in paragraph 161 of the Complaint.

162.     Deny the truth of the allegations contained in paragraph 162 of the Complaint.

163.     Deny the truth of the allegations contained in paragraph 163 of the Complaint.

164.     Deny the truth of the allegations contained in paragraph 164 of the Complaint.

165.     Deny the truth of the allegations contained in paragraph 165 of the Complaint.

166.     Deny the truth of the allegations contained in paragraph 166 of the Complaint.

167.     Deny the truth of the allegations contained in paragraph 167 of the Complaint.

168.     Deny the truth of the allegations contained in paragraph 168 of the Complaint.

169.     Deny the truth of the allegations contained in paragraph 169 of the Complaint.

### AS TO THE "FLSA COLLECTIVE ACTION ALLEGATIONS"

170.     Admit that Plaintiffs purport to proceed as set forth in paragraph 170 of the Complaint but deny the truth of the allegations that Defendants engaged in any unlawful

employment practices whatsoever and deny the remaining allegations in paragraph 170 of the Complaint.

171.     Deny the truth of the allegations contained in paragraph 171 of the Complaint.

172.     Deny the truth of the allegations contained in paragraph 172 of the Complaint.

173.     Deny the truth of the allegations contained in paragraph 173 of the Complaint.

174.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 174 of the Complaint.

175.     Deny the truth of the allegations contained in paragraph 175 of the Complaint.

176.     Deny the truth of the allegations contained in paragraph 176 of the Complaint.

177.     Deny the truth of the allegations contained in paragraph 177 of the Complaint.

178.     Deny the truth of the allegations contained in paragraph 178 of the Complaint.

179.     Deny the truth of the allegations contained in paragraph 179 of the Complaint.

180.     Deny the truth of the allegations contained in paragraph 180 of the Complaint.

181.     Deny the truth of the allegations contained in paragraph 181 of the Complaint, including all subparts thereof.

182.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 182 of the Complaint.

183.     Admit that Plaintiffs purport to proceed as set forth in paragraph 183 of the Complaint but deny the truth of the allegations that Defendants engaged in any unlawful employment practices whatsoever and deny the remaining allegations in paragraph 183 of the Complaint.

184.     Deny the truth of the allegations contained in paragraph 184 of the Complaint.

185.     Deny the truth of the allegations contained in paragraph 185 of the Complaint.

6928727.1

186.    Deny the truth of the allegations contained in paragraph 186 of the Complaint.

187.    Deny the truth of the allegations contained in paragraph 187 of the Complaint.

## PLAINTIFFS' COUNT I
### By Plaintiffs and Collective Action Plaintiffs under the FLSA
### (failure to pay overtime)

188.    Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 187 of the Complaint as though set forth herein at length, and deny each and every allegation not unequivocally admitted hereinabove.

189.    Statements of law and legal conclusions do not require a denial or admission; however to the extent as response is required to the allegations contained in paragraph 189 of the Complaint, Defendants deny the truth of the allegations contained in paragraph 189 of the Complaint and respectfully refer all questions of law to the Court.

190.    Deny the truth of the allegations contained in paragraph 190 of the Complaint.

191.    Deny the truth of the allegations contained in paragraph 191 of the Complaint.

192.    Deny the truth of the allegations contained in paragraph 192 of the Complaint.

193.    Deny the truth of the allegations contained in paragraph 193 of the Complaint.

194.    Deny the truth of the allegations contained in paragraph 194 of the Complaint.

195.    Deny the truth of the allegations contained in paragraph 195 of the Complaint.

## PLAINTIFFS' COUNT II
### By Plaintiffs under the New York Labor Law
### (failure to pay overtime)

196.    Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 195 of the Complaint as

6928727.1

though set forth herein at length, and deny each and every allegation not unequivocally admitted hereinabove.

197.    Statements of law and legal conclusions do not require a denial or admission; however to the extent as response is required to the allegations contained in paragraph 197 of the Complaint, Defendants deny the truth of the allegations contained in paragraph 197 of the Complaint and respectfully refer all questions of law to the Court.

198.    Deny the truth of the allegations contained in paragraph 198 of the Complaint.

199.    Deny the truth of the allegations contained in paragraph 199 of the Complaint.

200.    Deny the truth of the allegations contained in paragraph 200 of the Complaint.

**PLAINTIFFS' COUNT III**
**By Plaintiffs under the New York Labor Law**
**(failure to provide accurate wage notices and wage statements)**

201.    Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 200 of the Complaint as though set forth herein at length, and deny each and every allegation not unequivocally admitted hereinabove.

202.    Statements of law and legal conclusions do not require a denial or admission; however to the extent as response is required to the allegations contained in paragraph 202 of the Complaint, Defendants deny the truth of the allegations contained in paragraph 202 of the Complaint and respectfully refer all questions of law to the Court.

203.    Deny the truth of the allegations contained in paragraph 203 of the Complaint.

204.    Deny the truth of the allegations contained in paragraph 204 of the Complaint.

205.    Deny the truth of the allegations contained in paragraph 205 of the Complaint.

206.    Deny the truth of the allegations contained in paragraph 206 of the Complaint.

6928727.1

## AS TO "PRAYER FOR RELIEF"

207.    The allegations in Plaintiffs (a) through (i) on pages 30-31 of the Complaint are a demand for judgment to which no response is required; however, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

## ADDITIONAL AVERMENTS

208.    Defendants deny all claims and allegations not unequivocally admitted herein.

*       *       *       *       *

209.    Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden, Defendants assert the following defenses as to Plaintiffs claims:[*]

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

210.    The Complaint fails to state a claim upon which relief can be granted against Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

211.    The claims alleged herein are barred, in whole or in part, by the applicable statutes of limitation including but not limited to, the two and three year statutes of limitation pertinent to Plaintiffs' FLSA claims, and the six year statute of limitations pertinent to Plaintiffs' NYLL claims.

---

[*] Each of the defenses asserted herein also may apply to the claims of some or all of the putative collective or class of allegedly similarly-situated persons.

6928727.1

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

212.    Plaintiffs have not and cannot establish the requirements of a collective action under the FLSA because Plaintiff and the purported class alleged in the Complaint are not similarly situated.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

213.    Plaintiffs cannot establish or satisfy the requirements for a collective action pursuant to the FLSA and therefore, the collective action allegations of the Complaint must be stricken and dismissed.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

214.    Plaintiffs' claims are not typical of those of the purported collective action class.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

215.    At all times alleged in the Complaint, Defendants complied with all requirements concerning payment of wages, including without limitation, minimum wage, spread of hour and/or call-in pay pursuant to the FLSA and NYLL.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

216.    The claims of Plaintiffs are barred in whole or in part to the extent work performed falls within exemptions, exclusions, or credits provided for in Section 3, 7, or 13 of the FLSA and NYLL, 29 U.S.C. §203, 29 U.S.C. §207 and 29 U.S.C. §213, including, but not limited to, the overtime compensation method set forth in 29 U.S.C. §207(i), the executive exemption, the outside sales exemption, the highly-compensated employee exemption, the administrative exemption, a combination of said exemptions or any other exemption or exclusion set forth in the FLSA and New York wage-hour laws.

6928727.1

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

217.    At all relevant times, Defendants have acted in good faith and with reasonable grounds for believing that they had not violated the relevant provisions of federal and/or state law within the meaning of 29 U.S.C. §259, 29 U.S.C. §260 and/or NYLL §198.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

218.    Defendants, at all times, acted in good faith to comply with the NYLL and with reasonable grounds to believe that its actions did not violate the NYLL, and Defendants assert a lack of willfulness or intent to violate the NYLL as a defense to any claim by Plaintiffs for liquidated damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

219.    Plaintiffs cannot establish a willful violation under the FLSA or the NYLL and, as such, the FLSA limitation period is two years and liquidated damages cannot be asserted under any statute.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

220.    The Complaint fails to state facts sufficient to constitute a claim for which penalties can be awarded.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

221.    To the extent that discovery reveals that Plaintiffs falsely reported their hours and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiffs to falsely report their hours; and no evidence that Defendants knew or should have known that Plaintiffs were providing false information as to their hours, Defendants hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by the Plaintiffs.

6928727.1

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

222.    Plaintiffs' claims are barred to the extent Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in Plaintiffs' Complaint, if any.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

223.    Plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

224.    Plaintiffs' claims are barred by the doctrines of waiver, estoppel, unclean hands and/or laches.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

225.    All or part of the time for which Plaintiffs seek compensation is not compensable work time, including but not limited to hours during which they were engaged in activities that were preliminary or subsequent to their alleged work activities.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

226.    To the extent Plaintiffs, or any member of the collective or class they purport to represent, have suffered injury, which is denied, that injury is the result of acts or omissions of the Plaintiffs and/or said purported collective or class members, and not any act or omission of Defendants.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

227.    The Complaint fails to state a claim upon which attorneys' fees or costs can be awarded.

6928727.1

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

228.    The Complaint fails to state a claim upon which prejudgment interest can be awarded.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

229.    The Complaint fails to state a claim upon which declaratory or injunctive relief can be awarded.

## AS AND FOR A TWENTY- FIRST AFFIRMATIVE DEFENSE

230.    Plaintiffs were provided all notices as required by NYLL §195, and even if Plaintiffs were not provided a complete adequate notice required by that section, their claims are barred because Defendants made complete and timely payment of all wages under the NYLL.

## AS AND FOR A TWENTY- SECOND AFFIRMATIVE DEFENSE

231.    Plaintiffs were provided all wage statements as required by NYLL §195, and even if Plaintiff were not provided complete or adequate statements required by that section, Plaintiffs' claims are barred because Defendants made complete and timely payment of all wages under NYLL.

## AS AND FOR A TWENTY- THIRD AFFIRMATIVE DEFENSE

232.    Plaintiffs' claims for unpaid wages are barred by documentary evidence as Defendants maintained records of Plaintiffs' hours worked and the wages paid to Plaintiffs.

## AS AND FOR A TWENTY- FOURTH AFFIRMATIVE DEFENSE

233.    If Defendants are found to have failed to pay Plaintiffs, and/or any putative members of the purported collective or class alleged in the Complaint, any amount due, which Defendants deny, Defendants are entitled to set off any overpayments or other sums owed by Plaintiffs or putative collective or class members against any judgment.

6928727.1

234.    Defendants reserve the right to assert additional defenses or pursue any available counterclaims against Plaintiff as may become known through discovery, investigation, or in preparation for trial.

*     *     *     *

**WHEREFORE**, Defendants respectfully request that this Court enter judgment dismissing the Complaint in its entirety, together with the costs, disbursements and attorneys' fees incurred herein and such other and further relief as this Court deems just, proper and equitable.

Dated: East Meadow, New York
       May 27, 2020

CERTILMAN BALIN ADLER & HYMAN, LLP

By: ___/s/ _*Desiree Gargano*_____
        Desiree M. Gargano, Esq.
        Douglas E. Rowe, Esq.
*Attorneys for Defendants*
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554
(516) 296-7000
dgargano@certilmanbalin.com
drowe@certilmanbalin.com

TO:   GRANOVSKY & SUNDARESH PLLC
      *Attorneys for Plaintiffs*
      48 Wall Street, 11th Floor
      New York, New York  10005
      (646) 524-6001
      Attn.:  Benjamin Rudolph Delson, Esq.
              Alexander Granovsky, Esq.
      delson@g-s-law.com
      ag@g-s-law.com

6928727.1