

90 Merrick Avenue, 9th Floor
East Meadow, NY 11554
phone: 516.296.7000 • fax: 516.296.7111
www.certilmanbalin.com

**Desiree M. Gargano**
Associate
Direct Dial 516.296.7160
dgargano@certilmanbalin.com

July 2, 2020

**Via ECF**

Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Re:** ***Jospeh Munoz, Matthew Mustakas, Dominick Ruvolo and Tiffany Oumano-Williams v. ACA Contracting Inc., Diana Amoroso and Michael Amoros,***
**EDNY Case No.: 19-CV-03824 (JS)(AKT)**

Dear Hon. Tomlinson:

This firm represents Defendants ACA Contracting, Inc., Diana Amoroso and Michael Amoroso (collectively the "Defendants") in connection with the above referenced matter. We write to inform the Court of Plaintiffs' egregious and reprehensible misconduct and to respectfully request an immediate hearing for sanctions and injunctive relief.

Defendants received a text message this morning from a current employee, Wayne Moder, wherein Mr. Moder informed Defendants that Plaintiff Matthew Mustakas had called Mr. Moder to "give [him] a heads up that [plaintiffs' counsel] was going to be calling and if [Mr. Moder] answered questions or had pictures he would make it worth [Mr. Moder's] while...He said he had [Defendants] by the balls for over $1 million dollars!" A copy of this message is attached hereto as ***Exhibit A***. Such statement unquestionably represents an offer of bribery to a potential witness to solicit false testimony for Plaintiffs' financial gain.

In addition, Mr. Moder sent to Defendants a copy of photographs/screenshots that Plaintiff Mustakas had shared with Mr. Moder of the virtual depositions of Defendants Michael Amoroso and Diana Amoroso. Copies of these messages are attached hereto as ***Exhibit B***. Depositions of the Defendants took place earlier this week on Monday, June 29, 2020, and Tuesday, June 30, 2020. The depositions were held virtually via Zoom video conference hosted by Bee Reporting





Agency, Inc. whereby Plaintiffs were permitted to remotely participate by silently listening on their own personal device. Without the knowledge or consent of the court reporter, the deponents, or the undersigned attorney, the proceedings were recorded by Plaintiff Mustakas on his person cellular device. Plaintiff Mustakas is now disseminating photographs and/or video clips of the Defendants' depositions to third-parties for the purpose of misrepresenting the court proceedings, damaging Defendants' reputation, and tampering with evidence for Plaintiffs' financial benefit.

The undersigned promptly contacted Plaintiffs' counsel to advise him of the inappropriate conduct and requested that Plaintiffs cease and desist immediately. Plaintiffs' counsel advised that he was not aware of Plaintiff Mustakas's conduct, or whether any of the other Plaintiffs had engaged in any similar conduct, and would inform Plaintiffs to cease immediately. Attached hereto as ***Exhibit C*** is a copy of Plaintiffs' counsel's email correspondence confirming his instruction to the Plaintiffs. Notwithstanding this instruction, Defendants were subsequently informed by Mr. Moder that Plaintiff Mustakas is continuing to contact Mr. Moder via telephone and text message and told Mr. Moder to "keep it hush" – even after the undersigned communicated this misconduct to Plaintiffs' counsel. A copy of these subsequent messages from Plaintiff Mustakas to Mr. Moder is attached hereto as **Exhibit D**. Consequently, Defendants have reason to believe that Plaintiffs, by and through Plaintiff Mustakas, will continue to perpetrate this serious misconduct and require the Court's immediate intervention. Furthermore, although Mr. Moder was honest and kind enough to alert Defendants to Plaintiffs' misconduct, Defendants believe Plaintiffs' efforts extend beyond Mr. Moder and that other potential witnesses are being contacted, offered bribes and shown photographs or video clips of Defendants' depositions for the purpose of persuading such witnesses to provide false testimony.

It is without dispute that Plaintiff Mustakas is engaging in witness tampering warranting sanctions. *See Riley v. City of New York*, 10-CV-2513 MKB, 2015 WL 541346, at *12 (EDNY Feb. 10, 2015) (holding that the plaintiff's witness tampering warranted both monetary sanctions and an adverse inference jury instruction); *see also Harris v. SCA Rest. Corp.*, 2014 WL 996249, at *4 (EDNY Mar. 14, 2014) ("Witness tampering is an extremely serious offense, and strikes at the heart of the litigation process. Our system of justice relies on witnesses coming to court and telling the truth. Interference with the process taints trials and threatens the integrity of the justice system. The court has inherent authority to sanction such conduct, and this is an appropriate case for sanctions" (quoting *Synergetics, Inc. v. Hurst*, 2007 WL 2422871, at *7 (E.D. Mo. Aug. 21, 2007)).

Based on the foregoing, Defendants respectfully request a hearing for sanctions at which Plaintiffs are required to individually attend to address Plaintiffs' above-described misconduct. Defendants further respectfully request immediate injunctive relief preventing the individual





Plaintiffs from video recording and photographing any and all depositions in this action, disseminating any videos and/or pictures of the depositions that have been created thus far, and preventing Plaintiffs from offering bribes to potential witnesses for false testimony for Plaintiffs' financial gain and engaging in any other form of witness tampering.

We thank the Court in advance for Your Honor's attention to this matter.

Respectfully submitted,

CERTILMAN BALIN ADLER & HYMAN, LLP

By: /s/ *Desiree Gargano*
Desiree M. Gargano, Esq.

cc: All Counsel (via ECF)